```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

**ANGELO L. DiLUZIO,**

      Plaintiff,

  vs.                              Civil Action 2:11-cv-1102
                                    Judge Watson
                                    Magistrate Judge King

**THE VILLAGE OF YORKVILLE,
OHIO,** *et al.,*

      Defendants.

## OPINION AND ORDER

This is a civil rights action under 42 U.S.C. § 1983 based, in part, on events related to a fire at, and the subsequent demolition of, the southernmost building in a three-building structure in Yorkville, Ohio, that is owned by plaintiff. This matter is before the Court on the motion of defendant Greg Nemeth to strike the expert report of plaintiff's rebuttal expert, Eric Drozdowski. *Motion to Strike*, Doc. No. 45. Plaintiff opposes the *Motion to Strike*. *Plaintiff's Memorandum Contra Motion to Strike* ("*Plaintiff's Response*"), Doc. No. 47. Defendant Nemeth has filed a reply. *Reply to Memorandum Contra Defendant's Motion to Strike* ("*Defendant Nemeth's Reply*"), Doc. No. 48.

After the *Motion to Strike* was fully briefed, plaintiff filed *Plaintiff's Motion for Leave to Disclose Rebuttal Expert Eric Drozdowski after the Date Established in the Scheduling Order* ("*Plaintiff's Motion*"), Doc. No. 53. Defendant Nemeth has filed a response to *Plaintiff's Motion*, *Defendant Nemeth's Response*, Doc. No.

56, as have defendants The Village of Yorkville, Ohio, Mayor John DeFilippo, and Fire Chief Klubert (collectively the "Village defendants"), *The Village Defendants' Response*, Doc. No. 83. Plaintiff has not filed a reply. For the reasons that follow, the *Motion to Strike* is **DENIED**. *Plaintiff's Motion* is **GRANTED**.

I.   Background

The Court issued a scheduling order in this action requiring that the reports of primary experts be produced by January 23, 2013 and the reports of rebuttal experts be produced by February 25, 2013. *Preliminary Pretrial Order*, Doc. No. 15; *Order*, Doc. No. 32. On January 23, 2013, the Village defendants produced, *inter alia*, an expert report authored by Robert Copp. *Plaintiff's Motion*, Exhibit A, pp. 1-2. On February 6, 19, and 27, 2013, the Village defendants supplemented Robert Copp's report with information about documents reviewed by Robert Copp in preparing his report and cases in which he had testified. *Plaintiff's Response*, Exhibit A, pp. 1-4; *Plaintiff's Motion*, Exhibit A, p. 3. On February 27, 2013, Robert Copp prepared, and the Village defendants produced, a Supplemental Report of Findings "to include the testimony history of Robert Copp and the basis of report that includes documents inventoried and reviewed. The opinions of the original report [were not changed]." *Defendant Nemeth's Reply*, Exhibit A, pp. 35-37.

Robert Copp's report indicates that he was retained to "review[] evidential documents and render[] an opinion for any improper direction of firefighters by Fire Chief Klubert in [this action]." *Id*. The report contains the following findings and conclusions:

2

    1. Fire Department responded to a report of a structure fire at 103 Williams St. Yorkville, Ohio.

    2. Fire Chief Klubert responded and initiated Incident Command.

    3. Chief Klubert recognized conditions of a basement fire not improving and changed from an offensive suppression attack to a defensive suppression attack.

    4. Chief Klubert and other Chief Fire Officers continued to monitor defensive fire suppression operations.

    5. Chief Klubert and other Chief Fire Officers observed signs of potential structural collapse and ordered the portion of the structure weakened by the blaze to be torn down.

    6. Chief Klubert and other Chief Fire Officers conducted fire suppression activities consistent with recognized suppression activities.

*Id*. at p. 38.

Plaintiff retained Eric Drozdowski of S.E.A., Ltd., on February 28, 2013 to "examine file materials and, if possible, render a professional opinion as to whether the fire caused sufficient damage to the structures such that immediate demolition of the south building was necessary." *Drozdowski Report*, attached to *Motion to Strike* as Exhibit A, at p. 4. Eric Drozdowski's report contains the following findings and conclusions:

    Significant damage to the south building as a direct result of the fire was limited to the roof structure and second-floor ceiling.

    The exterior masonry walls of the south building did not appear to sustain significant structural damage due to the fire.

    Following the fire and preceding the demolition, the south building did not appear to pose an immediate danger to the general public.

    Although wisps of smoke were observed emanating from some of the south building mortar joints near the roof line

3

> during the occurrence of the fire, this only establishes that there were some small voids and cracks near the top of the wall of sufficient size to allow the smoke to permeate, not that a significant portion of the wall had sustained damage due to the fire.
>
> Most, if not all, of the cracking above the south building second-story openings appears to be consistent with long-term settlement of the building. Furthermore, the building owner reported that all of the cracking in the exterior masonry was present before the occurrence of the fire. Similar cracking was noted on portions of the north building, which was unaffected by the fire.
>
> Significant damage to the middle building roof occurred as a result of the fire, which left at least a portion of the masonry walls in that area inadequately supported; however, the middle building was not demolished following the fire.

*Id*.

**II. Standard**

The *Motion to Strike* takes the position that Eric Drozdowski's report is untimely because it was not produced until March 12, 2013, *i.e.*, 15 days after the deadline set in the Court's *Preliminary Pretrial Order* for the production of rebuttal expert reports; the motion also takes the position that Eric Drozdowski is a primary expert whom plaintiff improperly characterizes as a rebuttal expert. *Plaintiff's Response* and *Plaintiff's Motion* take the position that Eric Drozdowski is properly characterized as a rebuttal expert because his report is responsive to Robert Copp's report. Plaintiff also argues that there is good cause to permit the late production of Eric Drozdowski's rebuttal report because Robert Copp's primary expert report was deficient under Fed. R. Civ. P. 26 until it was supplemented on February 27, 2013. The motions presently before the Court both address, albeit in different fashions, whether plaintiff

4

properly produced Eric Drozdowski's report beyond the time permitted in the Court's scheduling order.

Rule 16(b) of the Federal Rules of Civil Procedure requires that the Court, in each civil action not exempt from the operation of the rule, enter a scheduling order, which may, *inter alia*, establish the dates by which expert disclosures must be made pursuant to Fed. R. Civ. P. 26(a)(2). Fed. R. Civ. P. 16(b)(3)(B)(i). The rule further provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also* S.D. Ohio Civ. R. 16.2 ("[T]he Magistrate Judge is empowered to . . . modify scheduling orders upon a showing of good cause."). "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "A district court should also consider possible prejudice to the party opposing the modification." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (citing *Inge*, 281 F.3d at 625). The focus is, however, "primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause." *Ortiz v. Karnes*, 2:06-cv-562, 2010 WL 2991501, at *1 (S.D. Ohio July 26, 2010) (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). Whether to grant leave under Rule 16(b) falls within the district court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

5

**III. Discussion**

*Plaintiff's Motion* seeks leave to produce the report of Eric Drozdowski, as a rebuttal expert, beyond the date established in the Court's scheduling order. *Plaintiff's Motion*, p. 1. Plaintiff argues that good cause exists to permit late disclosure because, on the date rebuttal expert reports were due, plaintiff's counsel had not yet received the information missing from Robert Copp's primary expert report. *Id*. at p. 2. Plaintiff's counsel represents that he delayed retaining Eric Drozdowski as a rebuttal expert because he "should have [had] all of the Defendants' expert disclosures before presenting the issues to [the] rebuttal expert." *Id*.

Defendants argue that Robert Copp's incomplete disclosure and late supplement of his report does not excuse plaintiff's late rebuttal disclosure because the conclusions in Robert Copp's report were not changed by the supplementation. *Defendant Nemeth's Reply*, pp. 1-2; *The Yorkville Defendants' Response*, pp. 2-5. Moreover, defendants argue, Eric Drozdowski's report is not responsive to Robert Copp's report; it is actually a late primary expert report or a late rebuttal to defendant Nemeth's primary expert Mark Kilgore, who opined that "the danger was imminent, requiring immediate demolition." *Defendant Nemeth's Reply*, pp. 2-4. *See also The Yorkville Defendants' Response*, pp. 2-5. Specifically, defendants argue that Eric Copp's conclusions and report address the appropriateness of the firefighting operations; the report did not address whether the building posed an immediate danger requiring demolition. *Defendant Nemeth's Reply*, p.

2; *The Yorkville Defendants' Response*, pp. 2-5.  Eric Drozdowski's report, defendant Nemeth argues, does not rebut Eric Copp's report because "Mr. Copp gave no opinion on immediacy."  *Defendant Nemeth's Reply*, pp. 3-4.

It is not disputed that plaintiff failed to disclose Eric Drozdowski as a rebuttal expert by the February 25, 2013 deadline.  *See Plaintiff's Response*, p. 5.  However, this Court concludes that plaintiff was justified in waiting until Robert Copp's report was complete to retain a rebuttal expert. Robert Copp's report was supplemented on a number of occasions, *see Plaintiff's Response*, Exhibit A, pp. 1-4; *Plaintiff's Motion*, Exhibit A, p. 3, most recently on February 27, 2013, *i.e.*, 33 days beyond the date that primary expert reports were due.  *See Plaintiff's Response*, Exhibit A, pp. 1-4; *Plaintiff's Motion*, Exhibit A, p. 3.  Plaintiff retained Eric Drozdowski as a rebuttal expert the next day, and produced Eric Drozdowski's report to defendants on the day that the report was finalized.  *See Drozdowski Report*, p. 4; *Defendant Nemeth's Reply*, Exhibit A, pp. 35-37.  Plaintiff was not dilatory in this regard.  Furthermore, Eric Drozdowski's report is unquestionably responsive to at least some of the opinions articulated by Robert Copp.  Although Eric Drozdowski rendered an opinion on the need for immediate demolition of the south building, his conclusions also address some of the same issues raised in Robert Copp's report.  The Court therefore concludes that plaintiff has established good cause for the timing of his production of the Eric Dorzdowski report.

Having found good cause, the Court must now consider the issue of prejudice to the defendants. *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d at 830. Defendant Nemeth complains that plaintiff now has two primary experts on a single issue and defendants have no opportunity to obtain a second expert opinion. *Defendant Nemeth's Response*, pp. 1-2. Defendants do not contend that any issue remains unaddressed; a complaint based merely on the number of experts addressing any particular issue is simply not persuasive.

Accordingly, the Court concludes that plaintiff has demonstrated good cause to modify the scheduling order and that defendants will not be unduly prejudiced by that modification. *Plaintiff's Motion*, Doc. No. 53, is therefore **GRANTED**. Defendant Nemeth's *Motion to Strike*, Doc. No. 45, is therefore **DENIED**.


July 2, 2013                                          *s/Norah McCann King*
                                                   Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge