UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Angelo L. DiLuzio,

    Plaintiff,

v.

Village of Yorkville, Ohio, *et al.*,

    Defendants.

Case No. 2:11–cv–1102

Judge Michael H. Watson
Magistrate Judge Jolson

## OPINION AND ORDER

After five long years, this atypical case appeared to have reached its denouement when the assigned United States Magistrate Judge issued a highly detailed eighty-page Report and Recommendation ("R&R") recommending that the severe sanction of default judgment on liability be entered as to all Defendants but one.[1] At long last, this matter would proceed to an orderly resolution one way or the other. But, as outlined below, Defendants' actions since the R&R's issuance have been far from ordinary. Because those actions need to be stopped, this Court issues this Opinion and Order forthwith.

### I.     Relevant Procedural History

In a December 22, 2016 R&R, the Magistrate Judge found that Defendants stymied what is supposed to be an open discovery process, resisting Plaintiff's

---

[1] Plaintiff did not seek, and the R&R did not recommend, sanctions against Defendant Police Chief Morelli.

and the Court's repeated efforts to obtain discovery on critical issues. R&R 78–79, ECF No. 334. The Magistrate Judge found that Defendants' conduct included destroying or losing documents, withholding or unreasonably delaying productions, and fabricating evidence. *Id.* Thus, the Magistrate Judge recommended default judgment on liability. *Id.* at 79. In addition, the Magistrate Judge ordered that Defendants and their counsel to pay jointly and severally the reasonable expenses, including attorney's fees, incurred in connection with Plaintiff's Motion for Sanctions. *Id.*

Although Defendants moved for reconsideration predictably, ECF No. 334, their actions thereafter could not have been predicted. Despite supplemental discovery having been closed for some seven months, Defendants took it upon themselves to reopen that process, seeking to obtain documents in an alleged effort to right the wrongs addressed in the R&R. In their counsel's words, they sought to "eliminate . . . the prejudice [Plaintiff has] suffered as a consequence of the failure to produce" evidence. Transcript 5–6, ECF No. 347. In response to this unusual turn of events, Plaintiff filed a motion, ECF No. 341, and the Magistrate Judge held a conference on the record. Transcript, ECF No. 347.

That conference occurred at 8:00 a.m. on February 23, 2017. Order, ECF No. 344. Defendants' counsel acknowledged that discovery was closed and sought "retroactive[ ]" permission for discovery that might cure Plaintiff's prejudice. *Id.* at 6. During the conference and in an Order following the conference, the Magistrate Judge made clear that "no discovery is permitted at

this juncture," and the parties were prohibited from engaging in any discovery "without first obtaining leave of Court." *Id* at 1.

The very same day, at 4:47 p.m., Defendants filed their Reply in support of their Motion for Reconsideration. Reply, ECF No. 345. In addition to making a number of new arguments, Defendants acted in defiance of the Magistrate Judge's Order by relying on the discovery their counsel engaged in unilaterally long after the deadline without leave of Court. *Id.* at 10. To that end, Defendants attached three new affidavits they claim support their positions concerning the new discovery. *Id.*; Reply Exh. 1–3, ECF Nos. 345-1, 345-2, 345-3.

The following day, on February 24, 2017, although Defendants filed a Notice that they had withdrawn the subpoenas, ECF No. 346, they filed a Motion to Re-Open Discovery to "reconstruct" evidence the Magistrate Judge had determined was lost or destroyed, Reply, ECF No. 348, and a Motion for Leave to File a Supplement to their Reply related to the unilateral discovery they conducted, ECF No. 349. In the plainest of terms, Defendants are seeking a "do over." They acknowledge improper conduct—even explaining that Defendants' former counsel "lost his position as an equity shareholder in the firm where he worked for twenty-five years" related to the discovery in this case, ECF No. 345 at 24, n.4. Yet, they allege new counsel within the same firm should be able to rewind this case because then, they claim, all will be remedied with the Court and Plaintiff. It is that precise approach, acting with impunity, that prompted the

Magistrate Judge's R&R. Put simply, the rules that govern practice and equal justice for all in this Court allow no do over here.

Naturally, Plaintiff's counsel called the Court to inform it that he would be filing responses to the pending Motions.

## II. Discussion

Far from needing Plaintiff's responses, this Court is prepared to act without delay by finding in Plaintiff's favor. The behavior of Defendants and their counsel has gone on long enough, and it ends today. Stated simply, this Court has inherent power to manage its own docket, and it will not allow Defendants to derail this action any further.

When a party timely objects to a report and recommendation, the reviewing District Judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). The reviewing District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the eighty-page R&R, the Magistrate Judge carefully detailed the factual allegations, claims, and procedural history in this case. In doing so, she specifically described "Defendants' repeated and concerted efforts to avoid discovery includ[ing], but [ ] not limited to, fabrication, untruthful and evasive

testimony, 'missing' and destroyed documents, unjustified delay, and baseless objections." R&R 51, ECF No. 326. The Magistrate Judge concluded that these discovery abuses prejudiced Plaintiff, that Defendants were sufficiently warned that their failure to cooperate in discovery could lead to default judgment, and that sanctions less drastic than default judgment could not remedy Plaintiff's prejudice. *Id.* at 60–66.

This Court agrees. While Defendants assert a number of objections to the Magistrate Judge's conclusions, the Court concludes that the record amply supports the Magistrate Judge's findings. The well-reasoned R&R reviewed the record thoroughly, analyzed the applicable law accurately, and recommended appropriate sanctions in accordance with the law and specific facts in this case. Accordingly, the R&R is **ADOPTED and AFFIRMED**. To the extent they warrant any mention, Defendants' arguments are addressed briefly as follows.

### A. Bad Faith and Procedural Propriety

Defendants argue that while they may have made mistakes in discovery, they did not act in bad faith. The Court finds this argument wholly unpersuasive for the reasons detailed by the Magistrate Judge, *see* R&R 51–60, ECF No. 326, which the Court adopts and incorporates herein.

Defendants also contend that the R&R is "procedurally improper" because it improperly imputes certain wrongdoing against Mayor DeFilippo, who is now deceased, and former Fire Chief Klubert. The Court disagrees. As Plaintiff points out, Resp. 50, ECF No. 340, the discovery requests were directed to all

Defendants as were the Court's orders regarding discovery. Moreover, counsel for Defendants, acting on behalf of Mayor DeFilipppo and Fire Chief Klubert, and Mayor Closser, chosen by Defendants as their representative, personally participated in discovery abuses and violated discovery orders. For these reasons, the Court finds that the R&R properly recommended sanctions against Mayor DeFilipppo and Fire Chief Klubert.

### B. Adequate Warning and Prejudice

Defendants further complain that they were not "sufficiently warned" that their discovery abuses could lead to sanctions and were not provided an opportunity to cure their failures. This argument is disingenuous and directly contradicts the extensive discovery conferences, hearings, and orders in this case. *See* R&R 62–63, ECF No. 326.

Defendants further insist that their behavior in discovery did not prejudice Plaintiff, contending that any missing evidence relates to a non-party witness and is irrelevant to the elements of Plaintiff's claims. The Court disagrees. The records reflecting who transported Plaintiff to the hospital on the night of the fire, *i.e.*, the "run sheets," may have shown that Plaintiff "was unnecessarily removed from the scene and that Fire Chief Klubert's judgment was impaired the night of the fire due to his intoxication." R&R 61, ECF No. 326. While Defendants argue at length that the missing or destroyed records of the Back Room Club involving Valerie Klubert's embezzlement relate to an ancillary issue, "[c]redibility means everything in" this case. R&R 65, ECF No. 326 (detailing the importance of Ms.

Klubert's credibility and the interplay between her and Defendants). *Cf.* 6th Cir. Opin. 2, ECF No. 168 (summarizing the factual background and noting, *inter alia*, that Plaintiff's buildings "caught fire under suspicious circumstances" and that Fire Chief Klubert and Mayor DeFilippo decided "to demolish a portion of one of the burned buildings immediately, without any inspection or formal decision on the need for demolition").

### C. Belated, Unauthorized Efforts to "Cure" the Prejudice

Notably, Defendants' current attempts to "cure" this prejudice belie their insistence that the prejudice is non-existent or minimal and further underscore the continued course of improper conduct in discovery. Defendants' issuance of the subpoena is wholly inappropriate and directly contrary to the Court's orders. Notwithstanding defense counsel's representations at the conference on February 23, 2017, and his purported withdrawal of the subpoenas and return of the records, Defendants continue to rely on this improper behavior in objecting to the R&R. Permitting Defendants to conduct discovery they previously should have conducted simply rewards Defendants for their repeated discovery abuses. For these reasons, Defendants' reliance on their current discovery efforts in their Reply is unpersuasive.

### D. Attorney's Fees and Costs

Finally, Defendants contend that an award of attorney's fees and costs is not justified here. However, because Defendants acted in bad faith for the reasons discussed *supra* and articulated in the R&R, an award of attorney's fees

and costs, jointly and severally against Defendants and their counsel, is appropriate.

Defendants and their counsel are **ORDERED** to pay jointly and severally the reasonable expenses, including attorney's fees, incurred in connection with Plaintiff's Motion for Sanctions, ECF No. 241.  Plaintiff is **ORDERED** to file an itemized list of such expenses and fees no later than March 31, 2017.  Defendants' response is due within twenty-one days after the filing of Plaintiff's fees and expenses.  Plaintiff may reply within fourteen days after the filing of Defendants' response.

### E. Oral Argument

For the first time in their Reply, Defendants request oral argument.  Reply 1, 25, ECF No. 345.  This Court's Local Rules provide that the Undersigned may grant oral argument "if oral argument is deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented[.]"  S.D. Ohio Civ. R. 7.1(b)(2).  It is within this Court's discretion to grant or deny a request for oral argument. *Gruenbaum v. Werner Enter., Inc.*, No. 09–cv–1041, 2011 WL 563912, at *2 (S.D. Ohio Feb. 2, 2011).  Having reviewed the R&R, objections, and related briefing, the Court concludes oral argument will not be helpful and is not essential to the fair resolution of the case.  Defendants' request for oral argument is therefore **DENIED**.

### III. Conclusion

For the reasons set forth above, the R&R is **ADOPTED and AFFIRMED**. Accordingly, Plaintiff's Motion for Sanctions, ECF No. 241, is **GRANTED**, and it is **ORDERED** that default judgment be entered as to all Defendants, with the exception of Police Chief Morelli. Therefore, the Motion for Reconsideration, ECF No. 334, the Motion to Re-Open Discovery, ECF No. 348, and the Motion for Leave to Supplement the Reply, ECF No. 349, are **DENIED**.

Further, Defendants and their counsel are **ORDERED** to pay jointly and severally the reasonable expenses, including attorney's fees, incurred in connection with Plaintiff's Motion for Sanctions, ECF No. 241. Plaintiff is **ORDERED** to file an itemized list of such expenses and fees no later than March 31, 2017. Defendants' response is due within twenty-one days after the filing of Plaintiff's fees and expenses. Plaintiff may reply within fourteen days after the filing of Defendants' response.

At the upcoming **STATUS CONFERENCE** on **March 8, 2017, at 2:00 p.m.**, this Court shall set a trial date for Police Chief Morelli on liability, a trial date for the Village Defendants on damages, and a hearing date for attorney's fees. Counsel shall be prepared to address which of the multiple pending motions are now moot based on the procedural posture.

The Clerk is **DIRECTED** to terminate ECF Nos. 241, 326, 334, 348, and 349 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                         *s/Michael H. Watson*_____
                                         **MICHAEL H. WATSON, JUDGE**
                                         **UNITED STATES DISTRICT COURT**